UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RECO REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-3013 |
| | ) | |
| NANCY JACOBY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #3**

In his original complaint, Plaintiff sued a records officer supervisor (Nancy Jacoby) and a correctional officer (Amy Pierce) at Taylorville Correctional Center, alleging that prison officials had improperly revoked good-time credits and violated the Health Insurance Portability and Accountability Act (HIPAA). (Doc. 1). The Court dismissed this complaint with leave to amend for failure to state a claim. (Doc. 10).

Plaintiff filed an amended complaint, omitting Defendant Pierce as a defendant and adding Wexford Health Sources, Inc. as a defendant. Therein, Plaintiff alleged that Defendant Jacoby improperly revoked good-time credits, that an officer violated HIPAA, and that officials did not provide adequate medical treatment for a rash. (Docs. 13, 15). The Court dismissed this complaint with leave to amend for failure to state a claim. (Doc. 14).

The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 16). The motion is granted.

The Court must "screen" Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's second amended complaint names Wexford as a defendant; it also adds as a defendant a correctional officer named Timothy Wienans. Plaintiff does not list Nancy Jacoby and Amy Pierce as defendants, and the Court considers any claims Plaintiff previously asserted against these individuals as abandoned. Plaintiff alleges that Defendant Wienans tugged and pulled on Plaintiff's genitals "in a perverse manner" in September 2022. He also alleges that he did not receive adequate medical treatment for a rash.

The claims Plaintiff alleges in his second amended complaint are completely unrelated to the claims Plaintiff alleged in his original complaint. Had Plaintiff stated a claim for relief based on the allegations in his original complaint, he would not have been permitted under the rules of joinder to proceed on the claims he now alleges. Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). The purpose of permitting leave to amend his complaint is to afford him an opportunity to cure the defects the Court identified in its original order; he cannot allege new, unrelated claims in an effort to avoid a strike or circumvent the Prison Litigation Reform Act's fee requirements. Because Plaintiff failed to cure the defects in his original complaint and because he has abandoned his original claims, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [16] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 28th day of June, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE